**Electronically Filed
Intermediate Court of Appeals
30302
30-AUG-2011
08:35 AM**

NO. 30302

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TSUTAE IWAMOTO, Plaintiff-Appellant,
v.
GLENN T. HIRONAGA, DONALD TANIDA, NEW CENTURY MORTGAGE
CORPORATION, HELEN BENCH REALTY INC., CHARLES BENCH,
YU NEU BENCH, HIRONAGA DEVELOPMENTS, INC., H & L
DEVELOPMENTS, LLC, TODD LEMKAU, KRC CONSULTING,
INC., KIMBERLY LEMKAU, AVIS MORTGAGE INCORPORATED
dba NAVE FUNDING, US BANK NATIONAL ASSOCIATION,
as Trustee Relating to the Asset-Backed Pass-Through
Certificates Series 2003-HE4, THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW YORK, TRUSTEE FOR THE
CERTIFICATEHOLDERS CWMBS, INC., ALTERNATIVE LOAN
TRUST 2006-OA1 MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-OA1, Defendants-Appellees
and
JOHN DOES 2-10; JANE DOES 2-10; DOE CORPORATIONS 5-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE
GOVERNMENTAL AGENCIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-2430)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Plaintiff-Appellant Tsutae Iwamoto (Iwamoto or
Plaintiff) appeals from the (1) "Judgment Against Plaintiff

Tsutae Iwamoto and in Favor of Defendant US Bank National Association, as Trustee Relating to the Asset-Backed Pass-Through Certificates, Series 2003-HE4 as to Counts I and III of Fourth Amended Complaint Filed on August 3, 2009," and (2) "Judgment Against Plaintiff Tsutae Iwamoto and in Favor of Defendant US Bank National Association, as Trustee Relating to the Asset-Backed Pass-Through Certificates, Series 2003-HE4 as to Count IV of Fourth Amended Complaint Filed on August 3, 2009," both filed on December 17, 2009 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court certified both judgments as final judgments pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b).

As to Counts I (Fraudulent Inducement), III (Constructive Trust), and IV (Quiet Title) of Iwamato's Fourth Amended Complaint (FAC), the circuit court entered judgment in favor of Defendant-Appellee US Bank National Association, as Trustee Relating to the Asset-Backed Pass-Through Certificates, Series 2003-HE4 (US Bank) and against Iwamoto and dismissed the three counts with prejudice.

On appeal, Iwamato contends:

(1) The circuit court erred in dismissing Counts I and III as to US Bank by holding that US Bank had proven it was a holder in due course.

(2) The circuit court erred in dismissing Count IV as to US Bank by holding that US Bank had proven it was an innocent purchaser as a matter of law.

(3) The circuit court erred in dismissing Counts I, III, and IV as to US Bank by holding that US Bank was not a party to any claims under these Counts.

---

[1] The Honorable Gary W.B. Chang presided.

(4)   Although not explicitly relied upon by the circuit court, US Bank's argument in its October 9, 2009 "Motion for Summary Judgment as to Count IV of Fourth Amended Complaint" that Count IV should be dismissed because Iwamoto had unclean hands as a matter of law was in error.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Iwamoto's points of error as follows:

(1)   Iwamoto contends the circuit court erred in dismissing Counts I and III by holding that US Bank had proven it was a holder in due course.  Hawaii Revised Statutes (HRS) § 490:3-302 (2008 Repl.) defines a holder in due course:

> §490:3-302   **Holder in due course.**  (a)   Subject to subsection (c) and section 490:3-106(d), "holder in due course" means the holder of an instrument if:
>
> (1)   The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
>
> (2)   The holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 490:3-306, and (vi) without notice that any party has a defense or claim in recoupment described in section 490:3-305(a).

Iwamoto did not allege in the circuit court or contend on appeal that Donald Tanida's mortgage, when taken by US Bank, showed any evidence of "forgery or alteration or is . . . otherwise so irregular or incomplete as to call into question its authenticity."  HRS § 490:3-302(a)(1).

Iwamoto argues that US Bank's expert witness report, authored by Mr. Sarsfield, cannot establish as fact that there

was a $1,008,603,766 mortgage security transaction and that Donald Tanida's mortage was part of the transaction. Iwamoto cites to In re James Wilson Assocs., 965 F.2d 160 (7th Cir. 1992), for the proposition that expert testimony cannot establish underlying facts not otherwise in evidence. The court in Wilson stated:

> Metropolitan [principal creditor and appellant] objects bitterly, however, to the exclusion of evidence that the building is in far worse state of repair than [James Wilson Associates] acknowledges and is therefore worth much less than the plan assumes. The evidence had been obtained by a consulting engineer retained by Metropolitan's expert witness, an architect who planned to testify about the physical condition of the building as reported to him by the consulting engineer. The bankruptcy judge was entitled to exclude the architect's evidence as hearsay. An expert is of course permitted to testify to an opinion formed on the basis of information that is handed to rather than developed by him -- information of which he lacks first-hand knowledge and which might not be admissible in evidence no matter by whom presented. And in explaining his opinion an expert witness normally is allowed to explain the facts underlying it, even if they would not be independently admissible. But the judge must make sure that the expert isn't being used as a vehicle for circumventing the rules of evidence. The fact that inadmissible evidence is the (permissible) premise of the expert's opinion does not make that evidence admissible for other purposes, purposes independent of the opinion. If for example the expert witness (call him A) bases his opinion in part on a fact (call it X) that the party's lawyer told him, the lawyer cannot in closing argument tell the jury, "See, we proved X through our expert witness, A." That was the kind of hand-off attempted in this case. The issue was the state of the building, and the expert who had evaluated that state -- the consulting engineer -- was the one who should have testified. The architect could use what the engineer told him to offer an opinion within the architect's domain of expertise, but he could not testify for the purpose of vouching for the truth of what the engineer had told him -- of becoming in short the engineer's spokesman.

Id. at 172-73 (citations omitted). Wilson is distinguishable from the instant case because Mr. Sarsfield was not basing his opinion off of another expert's opinion. Mr. Sarsfield stated in his report that he had formed his opinion based on his review of certain documents, including the Pooling and Servicing Agreement. Wilson does not apply to the instant case because Mr. Sarsfield's

report is based upon first-hand knowledge received from admissible documents, not hearsay as was the case in <u>Wilson</u>.

Next, Iwamoto argues that US Bank did not take Donald Tanida's mortgage in "good faith" as required by HRS § 490:3-302(a)(2)(ii). HRS § 490:3-103(4) (2008 Repl.) defines good faith as "honesty in fact and the observance of reasonable commercial standards of fair dealing." Iwamoto did not argue that US Bank was dishonest concerning the asset-backed security transaction and failed to establish a commercial standard of fair dealing that contradicted either (1) the Comptroller of the Currency's Handbook on asset-backed securitization and the trustee's duties in relation therewith, or (2) Mr. Sarsfield's expert opinion as to what US Bank's responsibilities were concerning the asset-backed security transaction. Mr. Wheeler, Iwamoto's expert witness on loan origination, admitted in his deposition that he was not an expert qualified to render an opinion on US Bank's role as trustee in relation to an asset-backed security transaction. Iwamoto failed to "set forth specific facts showing that there is a genuine issue" regarding Mr. Sarsfield's expert opinion that, assuming arguendo, even if US Bank were required to review Donald Tanida's mortgage, a review would not have raised undue concern. HRCP Rule 56(e).

Furthermore, Iwamoto presents no evidence that US Bank had any actual notice of the defects or claims enumerated in HRS § 490:3-302(a)(2)(iii)-(iv). Iwamoto argues that according to Mr. Wheeler, US Bank had facts within its knowledge that "would have and should have alerted them to the fact that this was [a] fraudulent mortgage." Mr. Wheeler is an expert on loan origination, not the trustee's role in an asset-backed security transaction. Iwamoto fails to present a genuine issue concerning whether US Bank was required to conduct a thorough underwriting of Donald Tanida's mortgage.

Finally, the circuit court's dismissal of Count III, Constructive Trust, is affirmed because a "constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." Lee v. Wong, 57 Haw. 137, 139, 552 P.2d 635, 637 (1976). Iwamoto did not raise a claim of unjust enrichment against US Bank, and, as discussed above, US Bank is insulated from Iwamoto's fraudulent inducement claim because it is a holder in due course; therefore, the circuit court did not err when it dismissed Count III of Iwamoto's FAC.

(2)   Iwamoto contends US Bank waived its affirmative defense of innocent purchaser because it was not pled in US Bank's answer. Iwamoto cites to an unpublished opinion from Massachusetts for her proposition that US Bank waived its innocent purchaser defense:

> *Bona fide* purchaser is an affirmative defense, and generally a failure to plead an affirmative defense results in a waiver and exclusion of the defense from the case. Here defendants Barbara and David Sprino did not plead as an affirmative defense that they were *bona fide* purchasers, and they never notified plaintiff otherwise of their intent to rely on such a defense. Consequently, they waived the defense.

Serrato v. Sprino, No. 001739, 2005 WL 503937, at *11 (Mass. Super. Feb. 3, 2005) (internal quotation marks and citations omitted). Serrato is distinguishable from the instant case because US Bank pled in its answer the defense of holder in due course.

> The standards governing the pleading of affirmative defenses under [Alaska R. Civ. P.] Rule 8(c) are no different than the liberal approach taken for all pleadings. An affirmative defense is adequately pleaded if it provides the opponent fair notice of the nature of the defense. Although courts will give the pleadings a liberal construction, it is important to note that such liberal construction does not permit the pleader to unreasonably catch an unwary litigant; and such liberality of construction must be circumscribed by the plain requirements of the rules.

Gamble v. Northstore P'ship, 907 P.2d 477, 482 (Alaska 1995) (internal quotation marks and citations omitted).  Iwamoto had fair notice that US Bank would likely rely on innocent purchaser because in its Sixth Defense, US Bank pled holder in due course, which is the statutory equivalent of the common law innocent purchaser defense.[2]

(3)  Iwamoto contends the circuit court erred by holding that US Bank was not a party to any claims under Counts I, III, and IV.  This court need not address this point because the circuit court's decision concerning Counts I and III is affirmed on the ground that US Bank is a holder in due course, and the circuit court's decision on Count IV is affirmed because US Bank was an innocent purchaser.

(4)  Iwamoto contends US Bank's argument that Count IV should be dismissed because Iwamoto had unclean hands as a matter of law was in error.  This point does not state that the circuit court erred, which leaves nothing for this court to review.

Therefore,

IT IS HEREBY ORDERED that the "Judgment Against Plaintiff Tsutae Iwamoto and in Favor of Defendant US Bank National Association, as Trustee Relating to the Asset-Backed Pass-Through Certificates, Series 2003-HE4 as to Counts I and III of Fourth Amended Complaint Filed on August 3, 2009," and the "Judgment Against Plaintiff Tsutae Iwamoto and in Favor of Defendant US Bank National Association, as Trustee Relating to the Asset-Backed Pass-Through Certificates, Series 2003-HE4 as to Count IV of Fourth Amended Complaint Filed on August 3, 2009,"

---

[2]  "An innocent purchaser is one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller." Kaʻu Agribusiness Co. v. Heirs or Assigns of Ahulau, 105 Hawaiʻi 182, 193, 95 P.3d 613, 624 (2004) (internal quotation marks and citation omitted).

both filed on December 17, 2009 in the Circuit Court of the First Circuit are affirmed.

        DATED:  Honolulu, Hawai'i, August 30, 2011.

On the briefs:

Louise K.Y. Ing
Thomas E. Bush
(Alson Hunt Floyd & Ing)
for Plaintiff-Appellant.

Michael C. Bird
Brandon U. Davidson
Tami M. Yorimoto
for Defendant-Appellee
US Bank National Association,
as Trustee Relating to the
Asset-Backed Pass-Through
Certificates Series 2004-HE4.

Presiding Judge

Associate Judge

Associate Judge